UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KENNETH CORREIA,

    Plaintiff,

v.

FCA US LLC,

    Defendant.

Case No. 16-10485
Honorable Laurie J. Michelson
Magistrate Judge Stephanie Dawkins Davis

**OPINION AND ORDER AFFIRMING MAGISTRATE JUDGE'S ORDER DENYING DEFENDANT'S MOTION TO SEAL [78]**

In this False Claims Act lawsuit, Kenneth Correia alleges that FCA fired him in retaliation for threatening to report safety defects that he alleges FCA hid from the federal government. FCA moved for summary judgment. After filing his response, Correia sought leave to file amended exhibits that he had inadvertently omitted. The Court granted his motion. FCA then filed a motion seeking to seal some of the amended exhibits Correia had filed. The Court referred the motion to Magistrate Judge Stephanie Dawkins Davis, who, in a thorough and detailed opinion, denied FCA's motion.

FCA now objects to her opinion.

The Court overrules FCA's objections and affirms the Magistrate Judge's Order denying FCA's motion to seal. (ECF No. 78.)

**I.**

The Magistrate Judge's order resolved a nondispositive motion. *See Baker v. Peterson*, 67 F. App'x 308, 311 (6th Cir. 2003). Therefore, pursuant to 28 U.S.C. § 636(b)(1)(A) and Federal Rule of Civil Procedure 72(a), the Court will uphold the order unless it is "clearly erroneous or

contrary to law." *United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001). A ruling is "'clearly erroneous' when, although there is evidence to support it, the reviewing court . . . is left with the definite and firm conviction that a mistake has been committed." *Hagaman v. Comm'r of Internal Revenue*, 958 F.2d 684, 690 (6th Cir. 1992) (citation omitted). A legal conclusion is "contrary to law 'when it fails to apply or misapplies relevant statutes, case law, or rules of procedure.'" *Ford Motor Co. v. United States*, No. 08-12960, 2009 WL 2922875, at *1 (E.D. Mich. Sept. 9, 2009) (citation omitted).

There is a "'strong presumption in favor of openness' as to court records." *Shane Grp., Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299, 305 (6th Cir. 2016) (quoting *Brown & Williamson Tobacco Corp v. F.T.C.*, 710 F.2d 1165,1179 (6th Cir. 1983)). "The burden of overcoming that presumption is borne by the party that seeks to seal them." *Id*. (internal citation omitted). "The burden is a heavy one: 'Only the most compelling reasons can justify non-disclosure of judicial records.'" *Id*. (quoting *In re Knoxville News–Sentinel Co*., 723 F.2d 470, 476 (6th Cir. 1983)). "And even where a party can show a compelling reason why certain documents or portions thereof should be sealed, the seal itself must be narrowly tailored to serve that reason." *Id*. (citing *Press–Enter. Co. v. Superior Court of California, Riverside Cnty*., 464 U.S. 501, 509-11 (1984)). "The proponent of sealing therefore must 'analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations.'" *Id*. at 305–306, (citing *Baxter*, 297 F.3d at 548).

## II.

FCA makes two objections: one, that the Magistrate Judge erred in finding that the documents it sought to seal did not contain trade secrets with evident economic value to FCA; and

second, that the Magistrate Judge erred in finding that FCA failed to strictly adhere to Local Rule 5.3.

**A.**

FCA first argues that the Magistrate Judge clearly erred in finding that FCA had not adequately shown that the identified documents should be sealed. In particular, FCA alleges that "it is evident" that these documents contain trade secrets with economic value.

But, as the Magistrate Judge explained at length, FCA has a high burden to seal the documents. (ECF No. 85, PageID.4030–4042.) And FCA painted with a broad brush in arguing that these documents contained trade secrets. That FCA disagrees with the Magistrate Judge's decision does not make that decision clearly erroneous.

Indeed, this Court has reviewed the documents that FCA sought to seal (even though not attached to the motion). And, although some of those documents contain pictures of a part that may be used in a future vehicle, the Court does not see clear evidence of disclosure of a trade secret with non-speculative economic harm. After reviewing the documents, the Court is not "left with the definite and firm conviction that a mistake has been committed." *Hagaman*, 958 F.2d at 690.

The Magistrate Judge did not clearly err in finding that FCA did not satisfy the stringent sealing requirements.

FCA's first objection is overruled.

**B.**

FCA next argues that it did not need to comply with the applicable local rule for filing documents under seal. So, says FCA, the Magistrate Judge erred in finding that its motion could be denied entirely because it failed to comply with this rule.

While this issue is moot given the ruling on the first objection, the Court notes that the fact that FCA seeks an exception to complying with the local rule does not render the Magistrate Judge's decision "contrary to law." Indeed, the Magistrate Judge enforced the law. It is FCA that is seeking an exception to it.

This objection is overruled.

### III.

For the stated reasons, FCA's objections are OVERRULED. The Court AFFIRMS the Magistrate Judge's Order Denying FCA's motion to seal (ECF No. 78). (ECF No. 85.)

IT IS SO ORDERED.

s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES DISTRICT JUDGE

Date: January 2, 2019

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document was served on the attorneys and/or parties of record by electronic means or U.S. Mail on January 2, 2019.

s/William Barkholz
Case Manager to
Honorable Laurie J. Michelson